In re ADAMS.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. ADMINISTRATOR—CONVERSION OF FUNDS—CO-ADMINISTRATRIX—LIABILITY.
　　An administratrix having no knowledge of a misapplication of funds of the estate by her co-administrator, and not guilty of negligence in failing to discover it, is not liable therefor, and a deficiency so caused is properly charged against the administrator only.

2. CO-ADMINISTRATRIX — FINAL SETTLEMENT — EXCEPTIONS — ADMINISTRATOR'S SURETIES—COSTS.
　　Where sureties on an administrator's bond file exceptions to the account rendered by his co-administratrix, and litigate the same, without being able to establish any liability against her, it is not error to allow her costs, consisting of counsel and stenographer's fees, against such sureties.

3. ADMINISTRATOR—CONVERSION OF FUNDS—INTEREST—LIABILITY.
　　An administrator who appropriates funds of the estate to his own use is properly charged with interest on such funds on his final settlement, and is properly denied commissions thereon.

4. SAME—COMMISSIONS—LIABILITY—DISTRIBUTEE.
　　An administrator who appropriates a certain sum out of funds of the estate to his own use is improperly charged with commissions on that amount in favor of a co-administratrix, who is also sole distributee.

Appeal from surrogate's court, Washington county.

Judicial settlement of J. Melvin Adams as administrator, and Mary A. Cossey as administratrix, of the estate of William Cossey, deceased. From a decree of the surrogate's court charging certain items to the administrator alone (61 N. Y. Supp. 751), the sureties on his bond appeal. Modified.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

C. H. Sturges, for appellants.

J. Sanford Potter, for respondent.

PER CURIAM. Under the findings of the surrogate, which we think are amply sustained by the evidence, the administratrix, Mary A. Cossey, had no knowledge of misapplication of the funds of the estate by her co-administrator, Adams, and was guilty of no negligence in not discovering it. Under such circumstances, she is not liable for his acts, and the surrogate was correct in charging the deficiency of $921 against the administrator Adams only.

The appellants and sureties filed objections to the account rendered by Mary A. Cossey, and litigated the same before the surrogate. She was thereby caused to incur counsel fees and expenses, and there was therefore no error in the surrogate's allowing her costs against such sureties upon their failure to establish any liability against her.

We can also concur with the surrogate in his conclusion that the administrator Adams should pay interest on the sum of $921 which he had turned into his own bank and appropriated to his own use, and also that he was not entitled to any commissions on that amount. But we cannot discover from this record why, in addition to that amount, he should be required to pay to her the sum of $46.05, being the amount of his commissions thereon. Upon the accounting the balance due from the administrator Adams is found to be $2,314.42. Of this amount it is recited in the decree that $1,393.42 had been paid and distributed in accordance with an order duly made in these proceedings upon stipulation of the parties, leaving a balance of $921 unpaid, and such balance being the amount which Adams had appropriated to his own use. Such distribution does not appear in the record before us, but we judge that from such $1,393.42 the items of costs to the several parties allowed, and first specified in the decree before us, were paid. Thus, the sum of $921 and interest, only, would seem to be the full balance of the estate in his hands, and that balance only should be charged against him.

The items of $15 stenographer's fees, and $80 allowed as counsel fees to Mrs. Cossey, are charged against the sureties, and properly so, as above stated.

The decree should be modified by striking therefrom the item of $46.05 charged against the administrator Adams as commissions on the $921, and as so modified affirmed, with costs.